HANLON, JUDGE:
Claimant Bethel Childers was involved in an automobile accident on March 21, 1986, while she was on her way to work at the Guthrie Center, Department of Agriculture, in Charleston, West Virginia. Her vehicle was struck by an oncoming care being driven by Melinda F. Good which had slid on ice causing the driver to lose control. As a result of this accident, she received severe injuries resulting in hospitalization. She was eventually able to return to her employment. She and her husband brought this action to recover medical expenses, replacement service loss, and pain and suffering.
The issue of liability was heretofore been determined by this Court in the claim of Gregory C. Good, as Committee for Melinda F. Good v. Dept. of Highways, Opinion issued January 18, 1988. The question before the Court is the issue of damages.
Bethel Childers suffered a concussion, lacerations to her face requiring plastic surgery, one broken rib, both femurs were fractured in 17 places, both knees were broken, a fractured right heel, three broken bones in the left foot, and one little finger was broken. She was in traction for the broken femur bones for eight weeks. Pins were placed in her knees to assist in the traction treatment. A pin was also placed in her foot. She remained in the hospital for three months. She suffered not only pain, but also severe emotional strain throughout her hospitalization. She was in physical therapy for four weeks to learn to walk and to learn how to use a wheelchair. She was confined to a wheelchair for three months while she was in a body cast. After her release from the hospital, she used a walker and then a cane to assist her in walking when the cast was removed. She had to walk with the cane until June 1988. She was able to return to work in October 1986.
She was hospitalized again on November 11, 1987, for surgery to straighten her right leg. She was off work until January 15, 1988. She experienced pain and suffering from this surgery which she described as "very, very painful."
She retired from her position with the Department of Agriculture on December 31, 1988, when she opted for early retirement.
She is able to perform light housework, but is unable to perform more difficult tasks such as using a vacuum cleaner, painting, wallpapering, cleaning windows, etc. She is also unable to do much gardening. She had spent much of her time in gardening as this was an activity which she considered a hobby and which she had previously enjoyed very much. She is now unable to take part in gardening due to the physical constrains from her injuries. She is unable *15 to dance, play tennis or perform aerobic.exercises which she had previously enjoyed, she is able to play golf to some extent although, she ic unable to play as she once did. She still experiences pain and suffering from her injuries.
Claimant Thomas Childers testified as to the changes in their lives brought about by the injuries to his wife. He must assist her in housework and gardening. Their social life is curtailed. Many of their activities are now limited due to her physical condition. He has adapted his li.e style to conform to her limitations.
The Court is award oí • :o serious injuries which claimant Bethel Childers received in this accident. These injuries were uit. direct result of the combined negligence of the respondent and Melinda Good. Claimant Bethel Childers has suffered extreme pain throughout this ordeal. She will suffer pain throughout her life. The Court is of the opinion that she is entitled to an award of $380,000.00. The Court also makes an award to claimant Thomas Childers in the amount of $15,000.00. Claimant Bethel Childers has received a total of $230,000.00 from other sources. Therefore, the Court reduces the award to $150,000.00
Award to Bethel Childers of $150,000.00.
Award to Thomas Childers of $15,000.00.